CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 1 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KATHY L. SMITH, for Vernon Smith, deceased, </br> Plaintiff, </br> </br> v. </br> </br> MICHAEL J. ASTRUE, </br> Commissioner of Social Security, </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 7:07cv314 </br> ) </br> ) By: Hon. Michael F. Urbanski </br> ) United States Magistrate Judge </br> ) </br> ) |

### MEMORANDUM OPINION

Pursuant to Federal Rule of Civil Procedure 59(e), the Commissioner moved to alter an order reversing and remanding this case for calculation of social security disability payments for the benefit of Kathy L. Smith, on behalf of her deceased husband, Vernon Smith ("Smith"). The court found that the Commissioner had not met his burden of demonstrating that there were jobs in significant numbers in the national economy that Smith could perform, given his sleep apnea and resulting fatigue. The Commissioner contends that because the court found that the vocational expert's ("VE") testimony was "equivocal," benefits should not have been awarded; rather, the case should have been remanded for further VE testimony. Because the ability to reverse and remand for calculation of benefits is expressly provided for by statute and consistent with Fourth Circuit precedent, and remanding the case would serve no useful purpose, the Commissioner's motion is denied.

### I.

Rule 59(e) provides simply that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). In the Fourth Circuit, there

are three permissible grounds for a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."[1] Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (citation omitted). Further, such a motion is "addressed to the discretion of the district court." Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 743 (1st Cir. 1982).

## II.

In its May 27, 2008 Memorandum Opinion ("Opinion"), the court found that with respect to Smith's sleep apnea condition and resulting fatigue, the Commissioner's denial of benefits was not supported by substantial evidence. (Opinion at 8-14). At step five of the SSA sequential analysis, the Commissioner bears the burden of showing "that the claimant can engage in a job that 'exist[s] in significant numbers in the national economy.'" Morgan v. Barnhart, 142 Fed. App'x. 716, 719 (4th Cir. 2005) (quoting 20 C.F.R. § 404.1560(c)(1)). Here, "[t]he Commissioner can show that the claimant is not disabled only if the vocational expert's testimony that jobs exist in the national economy is in response to questions from the ALJ that accurately reflect the claimant's work-related abilities." Id. (citing Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)). In this case, though the ALJ did craft proper hypothetical questions to the VE, the testimony in response was equivocal. Therefore, "the ALJ's reliance upon the VE's

---

[1] The Commissioner's motion appears to be directed to the third ground for a valid Rule 59(e) motion–that the court's decision to reverse and remand for the calculation of benefits was "a clear error of law."

testimony [was] misplaced as the VE was never able to conclude that a person having Smith's fatigue and daytime sleepiness issues could perform the jobs identified." (Opinion at 12).

### III.

In his present motion, the Commissioner argues that the "[t]he Court erred by ordering an award of benefits in this case." (Def. Mot. at 1). According to the Commissioner, because the Court found the VE's testimony was equivocal, "a significant factual issue remains unresolved in this case." (Id. at 2). For this reason, the Commissioner claims that "the proper remedy was to remand the case for further vocational expert testimony." (Id. at 1). In support, the Commissioner cites a number of out-of-jurisdiction cases (which the court finds unpersuasive, for reasons described supra). However, the Commissioner fails to address the clear statutory language authorizing judicial review of Commissioner final decisions. Further, given Smith's untimely death, remand would serve no purpose in this particular case.

Reviewing courts "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). In the Fourth Circuit, reversing an ALJ decision and awarding benefits without remand is proper when "the record establishes [claimant's] entitlement to benefits." Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006).

As in Hines, the record established that Smith is entitled to benefits. There was no dispute that Smith suffered from fatigue and sleepiness due to severe obstructive sleep apnea, and the ALJ concluded that Smith's sleep apnea was a severe impairment. (Opinion at 10). Moreover, the ALJ found that Smith could not return to his past relevant work due to his myriad

3

severe impairments. (Id.). And at step five of the disability analysis, the record evidence–based on appropriate questioning from the ALJ – conclusively established that the Commissioner failed to carry his burden. (Id. at 10-12).

Smith's tragic death on November 24, 2005 also dictates that remanding for additional proceedings would be futile. See Breeden v. Weinberger, 493 F2d 1002, 1012 (4th Cir.1974) ("[I]t [is] appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose."). In response to hypothetical questions presenting all the operative facts, the VE simply could not conclude one way or the other whether Smith would be able to perform the jobs identified. Because Smith has passed away, it is now impossible to obtain further information from him about his conditions. Thus, for practical purposes, the factual record is now closed, and to remand for additional proceedings would only delay the receipt of benefits.[2] Id.

The Commissioner's cited authority does not compel a contrary conclusion. In two decisions remanding for additional factual findings, inadequate hypothetical questions had been posed to a VE. See Faucher v. Secretary of Health and Human Servs., 17 F.3d 171, 172 (6th Cir. 1994) (magistrate judge properly concluded that "because the hypothetical question had been inadequate, the vocational expert's response could not be used to satisfy the Secretary's burden"); Newkirk v. Shalala, 25 F.3d 316, 317-18 (6th Cir. 1994) (same) (citing Faucher).

---

[2] If Smith had not passed away, the court would then agree with the Commissioner that remand for further proceedings would have been appropriate. In that counterfactual world, it would have been possible to obtain additional information from Smith about his conditions and the effectiveness of potential treatments (such as CPAP therapy), which could have also impacted the VE's testimony.

4

Therefore, in Faucher and Newkirk, a factual issue remained unresolved because the VE had no opportunity to provide relevant testimony. To the contrary, here, the VE was properly questioned, and at some length. Though the resulting testimony was equivocal, the operative factual issue was squarely addressed, and resolved to the extent possible.[3]

The Commissioner's remaining authority is also unpersuasive. In two other decisions that remanded for further proceedings, at issue was whether the correct legal standards were applied. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) ("Generally, a reversal with remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards."); Baker v. Bowen, 886 F.2d 289, 291 (10th Cir. 1989) ("Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand.").[4] Here, there is no dispute regarding the ALJ's use of the proper legal standard, and thus Davis and Baker are inapposite. Finally, in Talbott v. Bowen, the Eighth Circuit actually reversed and directed a grant of social security benefits outright. 821 F.2d 511, 515 (8th Cir. 1987).[5]

---

[3] For similar reasons, Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345 (7th Cir. 2005) is not persuasive. The Briscoe court found that remand for additional evidence was necessary because the ALJ had "failed to develop the record, leaving unresolved the main factual dispute." Id. at 357. Here, the failure was not in factual development, but in the ALJ's legal conclusion based upon those facts.

[4] In Baker, the ALJ also "failed its burden to fully and fairly develop the record." 886 F.2d at 292.

[5] In Talbott, it was unclear whether the ALJ had in fact shifted the burden at step five to the Commissioner, as the ALJ's decision did not expressly recognize such a shift. 821 F.2d at 514. In this ambiguous setting, the court's stated that "[u]nless the case is one in which the outcome should be clear regardless of who bears the burden of proof, we will remand for further proceedings, or, in cases where a hearing would simply delay receipt of benefits, we will reverse and award benefits outright." Id.

5

## IV.

Because reversing the ALJ's decision and remanding for calculation of disability benefits was expressly provided for by statute and consistent with Fourth Circuit precedent, the Commissioner's motion is denied.

The Clerk of Court hereby is directed to send a copy of this Memorandum Opinion to all counsel of record.

Enter this 20th day of August, 2008.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge